1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ALAN SHAW, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | CASE NO. 3:17-CV-05779-DWC <br><br> ORDER ON PLAINTIFF'S MOTION FOR REMAND |

Plaintiff Michael Allen Shaw filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for disability insurance benefits ("DIB"). Currently pending in this case is Plaintiff's Motion for Sentence Six Remand for Consideration of Additional Evidence. Dkt. 10. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

The Court concludes Plaintiff has failed to show he meets the good cause requirement for remand pursuant to sentence six of 42 U.S.C. § 405(g). Therefore, the Motion (Dkt. 10) is denied.

## I. Background

Plaintiff initiated this case on September 28, 2017. Dkt. 1. Defendant filed the Administrative Record-Answer on December 11, 2017, and the Court entered a Scheduling Order that same day. Dkt. 8, 9. Plaintiff's opening brief was due on January 8, 2018. *See* Dkt. 9. On January 4, 2018, Plaintiff filed the Motion. Dkt. 10. He did not file an opening brief and, in the Motion, requested the briefing schedule be suspended pending the resolution of the Motion. *See id*. at p. 1. Defendant filed her Response on January 18, 2018. Dkt. 11. Defendant requests the Motion be treated as the opening brief and denied. *Id*. In the alternative, Defendant requests the length of the Motion be subtracted from the page limitation in any subsequently-filed brief. *Id.* at p. 2. Plaintiff filed a Reply on January 23, 2018. Dkt. 12.

## II. Discussion

In the Motion, Plaintiff requests the Court remand this case pursuant to sentence six of 42 U.S.C. § 405(g). Dkt. 10. Attached to the Motion is a letter from Plaintiff's attorney, Charles Talbot, sent to the Appeals Council on July 5, 2016 and a report completed by Dr. Joseph A. Moisan, Ed.D, NCC, CCM. Dkt. 10-1.[1] Plaintiff contends Dr. Moisan's report provides evidence which contradicts the vocational expert's testimony that was relied on by the Administrative Law Judge ("ALJ"). *See* Dkt. 10, 10-1.

If a plaintiff desires the Court to consider "new evidence" that is not part of the record when the plaintiff files the complaint, the Court shall apply sentence six of 42 U.S.C. § 405(g) to determine if it has jurisdiction to review the new evidence. Sentence six of 42 U.S.C. § 405(g) authorizes a reviewing court to remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such

---

[1] Dr. Moisan's report includes Dr. Moisan's declaration, Dr. Moisan's curriculum vitae, and "detailed job specialty reports." *See* Dkt. 10-1.

evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Notably, "[a] claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied. To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) (citing *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)).

In the Motion, Plaintiff does not explicitly explain how he meets the requirements for a sentence six remand. *See* Dkt. 10. Plaintiff appears to argue Dr. Moisan's report is material because it contradicts the testimony of the vocational expert that the ALJ relied on to find Plaintiff was not disabled. *Id*. Plaintiff does not allege he meets the "good cause" requirement. *Id*.

Here, even assuming Plaintiff has met the materiality requirement, Plaintiff has not demonstrated good cause. As stated above, to demonstrate "good cause," Plaintiff must show the new evidence was unavailable earlier. *Mayes*, 276 F.3d at 463. In his Motion, Plaintiff provides no explanation, and the Court cannot infer, why Dr. Moisan's report could not have been available earlier, before the ALJ issued her decision. *See* Dkt. 10. Instead, Plaintiff obtained and submitted Dr. Moisan's report nearly six months after the ALJ hearing and two months after the ALJ issued her decision. *See* AR 39-77 (hearing dated January 6, 2016); AR 12-38 (ALJ decision dated April 26, 2016); Dkt. 10-1 (Dr. Moisan's report dated June 30, 2016). Dr. Moisan states he was requested by Plaintiff's counsel to review the jobs testified to by the vocational expert at the January 6, 2016 hearing. *See* Dkt. 10-1, p. 5. Plaintiff's counsel represented Plaintiff at the hearing and fails to provide any explanation regarding why he did not obtain the report between the hearing and the ALJ's decision. *See* Dkt. 10. Therefore, Plaintiff has not met his

burden of showing that the new evidence was unavailable earlier, and therefore, he has not met the requirements of a remand under sentence six of 42 U.S.C. § 405(g). *See Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990) (citing *Key,* 754 F.2d at 1551) ("A claimant does not meet the good cause requirement simply by obtaining a more favorable report from an expert witness once his claim is denied ... The claimant must establish good cause for not seeking the expert's opinion prior to the denial of his claim."); *Cherry v. Berryhill,* 2017 WL 750307, at *2 (W.D. Wash. Feb. 27, 2017) (finding plaintiff failed to meet good cause standard where there was no explanation was to why new evidence that was submitted to the Appeals Council was not available earlier); *Vasquez v. Colvin,* 2014 WL 65305, at *7 (D. Ariz. Jan. 8, 2014) (same).

The Court notes, in his Reply, Plaintiff belatedly argues the ALJ made it clear she was not going to allow cross examination of the vocational expert and thus, it could be assumed the ALJ would not consider anything in writing after the hearing. *See* Dkt. 12. Plaintiff did not raise this argument in his Motion and, thus, has waived the argument. *See* Dkt. 10, 11, 12; *Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir. 1980), *cert. denied*, 452 U.S. 961 (1981) ("appellants cannot raise a new issue for the first time in their reply briefs") (citing *U.S. v. Puchi*, 441 F.2d 697, 703 (9th Cir. 1971), *cert. denied*, 404 U.S. 853 (1971)); *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F.Supp.2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief.").

Nevertheless, even if the Court were to consider this argument, Plaintiff has provided only a speculative statement that the ALJ would not consider additional evidence submitted to her after the hearing. Plaintiff's speculation regarding the ALJ's conduct does not explain why he was unable to obtain the evidence earlier. Therefore, even if the Court were to consider this argument, the Court finds Plaintiff has failed to meet the "good cause" requirement.

### III. Conclusion

For the above stated reasons, the Court concludes Plaintiff has not shown the new evidence was unavailable earlier, and therefore, he has not met the requirements of a remand under sentence six of 42 U.S.C. § 405(g). Accordingly, Plaintiff's Motion (Dkt. 10) is denied. The Court declines to dismiss this case at this time. Rather, the Court will issue a separate order amending the briefing schedule.

Dated this 22nd day of February, 2018.

*David W. Christel*
David W. Christel
United States Magistrate Judge