UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ALAN SHAW,<br><br>                Plaintiff,<br><br>    v.<br><br>NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>                Defendant. | CASE NO. 3:17-CV-05779-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Michael Allen Shaw filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in her consideration of the medical opinion evidence. Had the ALJ properly considered this evidence, the residual functional capacity ("RFC") may have included additional limitations. The

ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for a *de novo* hearing consistent with this Order

## FACTUAL AND PROCEDURAL HISTORY

On November 22, 2013, Plaintiff filed applications for SSI and DIB, alleging disability as of September 1, 2009. *See* Dkt. 8, Administrative Record ("AR") 15. The applications were denied upon initial administrative review and on reconsideration. *See* AR 15. ALJ Cynthia D. Rosa held a hearing on January 6, 2016. AR 39-77. In a decision dated April 29, 2016, the ALJ determined Plaintiff to be not disabled. AR 15-32. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in her: (1) consideration of medical opinion evidence from examining physicians Drs. Steven Gist, M.D., and Peter Pfeiffer, M.D., and non-examining physicians, Drs. Matthew Comrie, Psy.D., Thomas Clifford, Ph.D., and Guillermo Rubio, M.D.; (2) assessment of lay witness testimony and Plaintiff's subjective symptom testimony; and (3) decision to limit cross-examination of the vocational expert ("VE"). Dkt. 15, pp. 3-13. Plaintiff requests this matter be remanded for a new hearing and decision by the ALJ. *Id.* at 13.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff maintains the ALJ failed to properly consider medical opinion evidence from Drs. Gist, Pfeiffer, Comrie, Clifford, and Rubio. Dkt. 15, pp. 3-7.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.   Dr. Gist

Plaintiff first argues the ALJ erred by giving "significant weight" to Dr. Gist's opinion yet failing to account for all parts of Dr. Gist's opinion. Dkt. 15, pp. 3-4.

Dr. Gist conducted a physical evaluation of Plaintiff on January 25, 2014. AR 467-71. As part of his evaluation, Dr. Gist reviewed medical records, x-ray reports, and discussed Plaintiff's medical history with him. AR 467-68. Dr. Gist also conducted a physical examination of Plaintiff. AR 468-70. After his examination, Dr. Gist diagnosed Plaintiff with "[s]evere lower back pain" and noted Plaintiff has "significant degenerative arthritis" in his lumbar spine and sacroiliac joints. AR 470.

1       At the end of his evaluation, Dr. Gist provided a functional assessment regarding Plaintiff's abilities. AR 470-71. In relevant part, Dr. Gist opined Plaintiff's "*[m]aximum* ability to stand or walk is limited to *at least* two hours based on x-ray findings of degenerative arthritis and stated pain." AR 470 (emphasis added). Likewise, Dr. Gist opined Plaintiff's "*[m]aximum* ability to sit is limited to *at least* four hours based on degenerative joint disease and stated pain related to sitting for extended periods of time." AR 470 (emphasis added). Further, Dr. Gist wrote Plaintiff had a maximum lifting and carrying capacity of "20 pounds occasionally and 10 pounds frequently." AR 471. Dr. Gist moreover determined Plaintiff's ability to climb, balance, stoop, kneel, crouch, and crawl were limited to occasional occurrences. AR 471. Lastly, Dr. Gist opined Plaintiff had a limited ability to work at heights. AR 471.

      In her decision, the ALJ discussed Dr. Gist's opinion and gave it "significant weight." AR 28. In relevant part, the ALJ wrote: "[Dr. Gist] opined that the claimant could stand/walk for *at least* two hours and sit for *at least* four hours in an eight-hour workday." AR 28 (emphasis added) (citation omitted). The ALJ did not address the part of Dr. Gist's opinion that stated Plaintiff had a "maximum ability" to stand or walk and sit for the allotted time periods. *See* AR 28. The ALJ also did not include such limitations in the RFC, although the RFC did provide Plaintiff "is able to perform work that allows him to alternate between sitting and standing in 30 minute periods, if necessary." *See* AR 22. Hence, Plaintiff argues the ALJ erred by giving "significant weight" to Dr. Gist's opinion yet failing to account for the language in Dr. Gist's opinion about Plaintiff's "maximum ability" to stand or walk and sit. Dkt. 15, pp. 3-4.

      "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen v. Chater*, 80 F.3d

1273, 1288 (9th Cir. 1996) (quotation marks omitted). Although plaintiff bears the burden of proving disability, the ALJ has an affirmative duty to assist the claimant in developing the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted).

In this case, Dr. Gist's opinion regarding Plaintiff's abilities to stand, walk, and sit is ambiguous evidence. By writing that Plaintiff had the "*[m]aximum* ability to stand or walk" for "*at least* two hours," and the "*[m]aximum* ability to sit" for "*at least* four hours," it is unclear whether Dr. Gist intended to opine Plaintiff could stand or walk, and sit, for up to – or more than – the allotted time periods. *See* AR 470. The ALJ did not address this ambiguity in Dr. Gist's opinion. *See* AR 28. Therefore, the ALJ erred by failing to satisfy her duty to conduct an appropriate inquiry into the ambiguous evidence.

Defendant maintains the ALJ "accounted for Dr. Gist's opinion [in the RFC] by finding that Plaintiff could sit for most of a workday and alternate between sitting and standing at 30-minute intervals." Dkt. 16, p. 5. An ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). But an ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571.

Here, because the ALJ did not mention Dr. Gist's opinion regarding Plaintiff's "maximum" ability to stand, walk, and sit, it is unclear whether the ALJ intended to discount this part of the opinion or – as Defendant suggests – "account" for it. Accordingly, the ALJ erred by failing to adequately explain her consideration of all parts of Dr. Gist's opinion. *See Flores*, 49

F.3d at 571 (an ALJ's written decision must state reasons for disregarding significant probative evidence); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (the ALJ must "set forth the reasoning behind [her] decisions in a way that allows for meaningful review").

In sum, the ALJ failed to satisfy her duty to develop the record as to the ambiguous evidence in Dr. Gist's opinion, and further failed to explain her treatment of all parts of Dr. Gist's opinion. Therefore, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, had properly considered Dr. Gist's opinion, the RFC and hypothetical questions posed to the VE may have contained the limitation that Plaintiff had the maximum ability to stand or walk for two hours, and sit for four hours. The RFC and hypothetical questions did not contain these limitations. *See* AR 22, 70, 71. In addition, the RFC and hypothetical questions limited Plaintiff to performing "light work," which typically requires a person to stand or walk "off and on, for a total of approximately 6 hours of an 8-hour workday." *See* AR 22, 70, 71; Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6. Thus, had the ALJ properly considered this part of Dr. Gist's opinion, she may not have found Plaintiff could perform light

work. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

B. Dr. Pfeiffer

Next, Plaintiff maintains the ALJ failed to provide any specific and legitimate reason, supported by substantial evidence, to reject medical opinion evidence from Dr. Pfeiffer. Dkt. 15, pp. 4-7.

Dr. Pfeiffer examined Plaintiff in October 2013. *See* AR 458-65. The examination included a physical examination of Plaintiff and x-ray review of Plaintiff's lumbar spine. AR 459-60, 462, 465. Dr. Pfeiffer diagnosed Plaintiff with degenerative disc disease and bilateral sclerosis of the sacroiliac ("SI") joints. AR 462, 465. Dr. Pfeiffer opined that, as a result of these diagnoses, Plaintiff had marked limitations in the basic work activities of standing, walking, lifting, carrying, and stooping. AR 462. In addition, Dr. Pfeiffer determined Plaintiff was capable of performing sedentary work. AR 463.

In assessing Dr. Pfeiffer's opinion, the ALJ summarized the doctor's findings and then wrote:

> Dr. Pfeiffer had an opportunity to examine the claimant in forming an opinion. (1) However, his opinion was inconsistent with the overall medical evidence of record discussed above and (2) appeared to rely solely on the claimant's subjective complaints. (3) Notably, the medical evidence shows that he received no treatment for his condition for several years. (4) The medical evidence also shows that imaging studies of the lumbar spine revealed mild findings. (5) Additionally, the evidence shows that the claimant subsequently performed medium level work for several months in 2014, which directly undermines the doctor's opinion. The undersigned gives Dr. Pfeiffer's opinion little weight.

AR 27-28.

Although the ALJ provided five reasons to give Dr. Pfeiffer's medical opinion little weight, each of these reasons was legally insufficient. First, the ALJ rejected Dr. Pfeiffer's

medical opinion because it was inconsistent with the medical evidence of record "discussed above." AR 28. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Nevertheless, an ALJ may not reject a medical opinion in a vague or conclusory manner. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. [She] must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey,* 849 F.2d at 421.

In this case, the ALJ merely stated the medical evidence was inconsistent with Dr. Pfeiffer's opinion but made no effort to explain how the evidence contradicted Dr. Pfeiffer's opinion. *See* AR 28. "This approach is inadequate." *See Embrey*, 849 F.2d at 422. The ALJ also failed to identify which part of the medical evidence "discussed above" contradicted Dr. Pfeiffer's opinion. *See* AR 28. Thus, the ALJ's conclusory statement is not a specific and legitimate reason to discount Dr. Pfeiffer's opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("an ALJ errs when [she] rejects a medical opinion or assigns it little weight while doing nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion").

Second, the ALJ discounted Dr. Pfeiffer's opinion because it "appeared to rely solely on the claimant's subjective complaints." AR 28. An ALJ may reject a physician's opinion "if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation and internal quotation marks omitted). Further, an ALJ may reject a physician's opinion that is "inadequately

supported by clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan*, 242 F.3d at 1149). Yet here, the ALJ used vague, conclusory language to discount Dr. Pfeiffer's opinion, as she failed to explain why or how the opinion appeared to rely on Plaintiff's subjective complaints. Furthermore, the ALJ's assertion is unsupported by the record, as Dr. Pfeiffer's report reveals he conducted his own physical examination of Plaintiff and reviewed x-rays of Plaintiff's lumbar spine. *See* AR 459-60, 462, 465. Hence, this reason from the ALJ does not reach the level of specificity necessary to justify rejecting Dr. Pfeiffer's opinion.

Third, the ALJ rejected Dr. Pfeiffer's findings in light of the fact that Plaintiff "received no treatment for his condition for several years." AR 28. However, the ALJ failed to explain why or how Plaintiff's lack of treatment undermined Dr. Pfeiffer's opinion. *See* AR 28 This error is particularly relevant given Dr. Pfeiffer conducted his own physical examination of Plaintiff. *See* AR 459-60. As such, this was not a not specific, legitimate reason, supported by substantial evidence, to reject this opinion. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"); *see also Garcia v. Colvin*, 2015 WL 1221265, at *4 (W.D. Wash. Mar. 17, 2015) (ALJ erred by failing to explain how Plaintiff's failure to see his primary care physician discounted the physician's findings).

Fourth, the ALJ discounted Dr. Pfeiffer's opinion because of "imaging studies of the lumbar spine" showing "mild findings." AR 28. This statement, too, was vague and conclusory. The ALJ failed to explain which imaging studies revealed mild findings, or how these imaging studies contradicted Dr. Pfeiffer's findings. In addition, this reason was error because the ALJ gave greater weight to the reports containing the imaging studies than she gave to Dr. Pfeiffer's

opinion without explaining why they are more persuasive. *See Garrison*, 759 F.3d at 1012-13 (an ALJ cannot assign "little weight" to a medical opinion while asserting, without explanation, "another medical opinion is more persuasive"). Accordingly, the ALJ's brief statement that imaging studies revealed mild findings is insufficient to reject Dr. Pfeiffer's opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Fifth, the ALJ gave Dr. Pfeiffer's opinion little weight because Plaintiff "performed medium level work for several months in 2014, which directly undermines the doctor's opinion." AR 28. An ALJ may reject a physician's opinion that contradicts the claimant's activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). However, "[i]t does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed*, that he did not then experience pain and limitations severe enough to preclude him from *maintaining* substantial gainful employment." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) (emphases in original).

In this case, although Plaintiff – apparently mistakenly – testified he worked for six months in 2014, his earning records reflect he worked for approximately three months that year. *See* AR 47-48, 62, 329, 330. Plaintiff testified he stopped this work, however, because it exasperated his back pain and leg weakness. AR 48. As such, the fact that Plaintiff attempted to work, but did not succeed, was not a sufficient reason to discount Dr. Pfeiffer's opinion. *See Lingenfelter*, 504 F.3d at 1038.

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for giving little weight to Dr. Pfeiffer's

opinion. Therefore, the ALJ erred. Had the ALJ properly considered Dr. Pfeiffer's opinion, the RFC and the hypothetical questions posed to the VE may have included additional limitations. For instance, the RFC and hypothetical questions may have limited Plaintiff to sedentary level work. As the ultimate disability decision may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

    C. <u>Drs. Comrie, Clifford, and Rubio</u>

Plaintiff further asserts the ALJ erred by assigning "significant weight" to the opinions of non-examining physicians, Drs. Comrie, Clifford, and Rubio. Dkt. 15, pp. 6-7. A non-examining physician's opinion may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan*, 242 F.3d at 1149. Thus, given that proper consideration of the medical opinion evidence from Drs. Gist and Pfeiffer may impact the ALJ's treatment of the non-examining physicians, the ALJ is directed to reassess the opinions of these non-examining physicians as necessary on remand, as well.

**II.    Whether the ALJ properly assessed the lay witness testimony and Plaintiff's subjective symptom testimony.**

Plaintiff asserts the ALJ improperly assessed lay witness testimony and Plaintiff's subjective symptom testimony. Dkt. 15, pp. 8-12. The Court has concluded the ALJ committed harmful error in his assessment of medical opinion evidence. *See* Section I., *supra*. Because the ALJ's reconsideration of this medical opinion evidence may impact her assessment of the lay witness testimony and Plaintiff's subjective symptom testimony, the ALJ is directed to reconsider this evidence on remand.

**III.   Whether the ALJ's decision to limit cross-examination of the VE was appropriate.**

Lastly, Plaintiff contends the ALJ erred by limiting Plaintiff's attorney's ability to conduct cross-examination on the VE at the hearing. Dkt. 15, p. 13 (citing AR 76). Because the Court is remanding this matter for a *de novo* hearing, the Court declines to consider whether the ALJ erred on this issue.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a *de novo* hearing in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 14th day of June, 2018.

David W. Christel
United States Magistrate Judge